[No. 7,691.—Department One.]

## MANERVA HOGABOOM v. HENRY EHRHARDT.

SWAMP AND OVERFLOWED LAND—DEFINITION—EVIDENCE—SURVEY—IN-STRUCTIONS.—In an action of ejectment—the plaintiff deraigning title under a United States patent, and the defendant under a certificate of purchase, as swamp land, from the State—the patent being for the north-east quarter, and the certificate for the south-east quarter of section 6, township 5 north, range 5 east, Mount Diablo meridian; and it being admitted that the defendant was in possession of twenty acres of the land included in the patent, the defendant offered to prove that the land in his possession, and included in the patent, was, on the 28th day of September, 1850, and ever since has been, and still is, swamp and over-flowed land, made thereby unfit for cultivation, and was therefore granted to the State by virtue of the swamp land grant of that date, but the offer was rejected by the Court.

Held, that unless the twenty acres constituted the greater part of a legal subdivision, according to the Congressional system of surveys, they were not swamp and overflowed lands within the terms and meaning of the act; and that the ruling of the court was sustainable without consider-ing other points of objection, on the ground that defendant did not offer to prove this fact.

Held, further, that the Court rightly refused an instruction that the sale of the land by the State, the defendant's grantor, if made in good faith, was confirmed by § 1 of the Act of Congress of July 23d, 1866, "To quiet land titles in California," as the certificate was for the south-east quarter of section 6, which did not include the land in controversy.

APPEAL from a judgment for the defendant, and an order refusing a new trial, in the Superior Court of Sacramento County. DENSON, J.

*J. H. McKune,* for Appellant.

*Freeman & Bates,* for Respondent.

ROSS, J. :

The plaintiff sued in ejectment to recover the north-east quarter of section six, township five north, range five east, of Mount Diablo base and meridian, containing one hundred and eighty-one and thirty one hundredths acres of land, alleging herself to be the owner in fee thereof.  The answer of the defendant consisted of a general denial only.  On the trial the plaintiff introduced a patent from the United States to one Baldwin for lots numbered 1 and 2, and the south half of the fractional north-east quarter of said section 6, and a deed for the same premises from Baldwin to the plaintiff. Thereupon the defendant admitted his possession of twenty acres of the land described in. said patent lying south of a certain fence, for the possession of which twenty acres the plaintiff recovered a verdict and judgment.  On both sides it is conceded that the land in question was originally public land of the United States, and it is not denied on the part of the defendant that the patent issued by the Government to the plaintiff's grantor was regular in form.  His contention is that the twenty acres included in the patent, of which he has possession, was swamp and overflowed land, and, therefore, passed to the State of California by virtue of the Act of Congress of September 28th, 1850, and that he, through mesne conveyances, has a certificate of purchase from the Register of the State Land Office for the *south*-east quarter of the said section 6, the lines of which quarter, he claims, were so run by the County Surveyor of Sacramento County (where the lands are situate), as to include the twenty acres in dispute; but the lines were so run, not in conformity, but in conflict with the United States surveys.

The first alleged error grows out of the circumstance that, on the trial, the defendant offered to prove by parol that the twenty acres possessed by him, and included within the plaintiff's patent, "was, on the 28th day of September, 1850, ever since has been and still is swamp and overflowed land, made thereby unfit for cultivation," and was therefore granted

to the State by virtue of the swamp land grant of the date mentioned. This offer was rejected by the Court upon objections interposed by the plaintiff. The action of the Court in that respect is clearly sustainable on the ground that the defendant did not offer to prove that the *greater part of any legal subdivision* was wet and unfit for cultivation, and therefore swamp and overflowed land within the terms and meaning of the Act of Congress, but only that the *twenty acres* of which he held possession was of that character. Unless the twenty acres constituted the greater part of a legal subdivision, according to the Congressional system of surveys, they were not swamp and overflowed lands within the terms and meaning of the Act of Congress. (See the act, U. S. Stats., vol. 9, 519; also, *Robinson* v. *Forrest*, 29 Cal. 323.) It is not necessary, therefore, to determine the other points made by counsel respecting this ruling of the Court.

The only other alleged error is the refusal of the Court below to give the following intruction to the jury, asked for by the defendant:

" The papers constituting Swamp Land Survey No. 367 of the County of Sacramento are in evidence, and the defendant claims under that survey, made on application of Juan de Dios y Baseta.

" The State of California by its certificate of purchase and on the receipt of the entire purchase price, sold the land mentioned in the certificate of purchase, according to the lines as surveyed by the County Surveyor of said County. The State of California thereby selected the land included within said lines, in part satisfaction of the grant of swamp and overflowed lands made to the State by the Act of Congress of September 28th, 1850, and if the State of California sold said land to Baseta, and he purchased the same in good faith, prior to July 23d, 1866, under and in accordance with the laws of said State, section one of the Act of Congress, passed July 23d, 1866, entitled an act to quiet land titles in California, confirmed said land to said State according to the lines established for the State, and vested in it an interest in such land so sold by it, which would inure to the benefit of the purchaser, whether the land was swamp or overflowed or not, and the interest so confirmed to the State would be superior to an in-

terest derived by patent from the United States, to one who was not on said 23d day of July, 1866, an adverse claimant."

The Court was right in so refusing. The land described in the survey of the County Surveyor and in the certificate issued by the Register of the State Land Office was the *south*-east quarter of section 6, whereas the land in controversy forms part of the *north*-east quarter of that section. Nowhere does it appear that the land in question was ever listed to the State, or selected or claimed by the State. Under such circumstances the State can not be said to have sold it in good faith or otherwise. Assuming, therefore, without deciding or intimating that the first section of the Act of Congress, approved July 23d, 1866, has any application to swamp and overflowed lands, the appellant can derive no benefit from it as his case comes here.

Judgment and order affirmed.

McKINSTRY, J., and McKEE, J., concurred.